UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| Kevin Alexander,<br>     Plaintiff<br>v.<br>ARM Towing, Inc. and Angel Martinez<br>     Defendants | Case No: 6:23-cv-11 |

**COMPLAINT AND JURY TRIAL DEMAND**

Plaintiff, Kevin Alexander, sues Defendants, ARM Towing, Inc. and Angel R. Martinez, as follows:

JURISDICTION

1.      Jurisdiction is proper in this Court pursuant to 29 U.S.C. 216(b), the jurisdictional provision of the Fair Labor Standards Act ("FLSA"), and pursuant to 28 U.S.C. sec. 2201-2202, the Federal Declaratory Judgment Act.

1

## PARTIES

2. At all material times, Defendant ARM Towing, Inc. was a Florida corporation with its principal place of business in Osceola County, Florida.

3. At all material times, Defendant ARM Towing, Inc. was an "employer" as defined by the FLSA.

4. At all material times, Defendant ARM Towing was "engaged in commerce" as defined by the FLSA.

5. At all material times, Defendant ARM Towing was an "enterprise" as defined by the FLSA.

6. At all material times, Defendant Angel Martinez was, and continues to be, an individual resident of Osceola County, Florida.

7. During the time period at issue in this lawsuit, Defendant Martinez had operational control of ARM's day-to-day functions, including determining compensation of employees, hiring and discharging employees, controlling employees, and establishing terms and conditions of employment.

8. At all material times, Defendant Martinez was an "employer" as defined by the FLSA.

9. The annual gross revenue of the Defendants was in excess of $500,000 per year during the time period at issue in this lawsuit.

10. In his work for Defendant, Plaintiff was "engaged in commerce" as defined by the FLSA.

11. At all material times, Plaintiff was an "employee" of Defendants as defined by the FLSA.

12. At all material times, Defendants were the Plaintiff's "employers" as defined by the FLSA.

## FACTS

13. Defendants operate a towing service in Osceola County, Florida.

14. Within the past three years, Plaintiff was employed by Defendant ARM as a tow truck driver, supervised by Defendant Martinez.

15. Defendants failed to pay Plaintiff at least the statutorily required minimum wages under the FLSA.

16. Defendants failed to keep accurate records of Plaintiff's hours worked.

17. At various times, Plaintiff worked in excess of 40 hours in a work week.

18. Plaintiff Defendants failed to compensate Plaintiff at a rate of one and one-half times his regular rate for all hours worked in excess of forty hours in a single work week.

19. Plaintiff has retained the undersigned attorney and agreed to pay a reasonable fee for the firm's services.

### COUNT I – RECOVERY OF MINIMUM WAGE AND OVERTIME COMPENSATION

20. Plaintiff restates the allegations of paragraphs 1 through 19, above.

21. The Defendants have violated the FLSA by:

   a. Failing to pay Plaintiff at least minimum wage.

      b. Failing to compensate Plaintiff at one and one-half times his regular rate for all hours worked in excess of forty hours per week;

      c. Failing to comply with the time tracking and record-keeping requirements of the FLSA and associated regulations.

22. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA.

23. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

24. Due to the willful and unlawful acts of Defendants, Plaintiff suffered damages and lost compensation for time worked in excess of forty hours per week.

25. Plaintiff is also entitled to liquidated damages pursuant to the FLSA.

26. Plaintiff is also entitled to an award of reasonable attorney's fees and costs pursuant to the FLSA.

## COUNT II – DECLARATORY JUDGMENT

27. Plaintiff restates the allegations of paragraphs 1 through 19, above.

28. Plaintiff and Defendants have a dispute pending concerning violations of the FLSA over which this Court has jurisdiction.

29. This Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. sec. 2201-2202.

30. The Defendants have violated the FLSA by:

   a. Failing to pay Plaintiff at least minimum wage;

   b. Failing to compensate Plaintiff at one and one-half times his regular rate for all hours worked in excess of forty hours per week;

   c. Failing to comply with the time tracking and record-keeping requirements of the FLSA and associated regulations.

31. Plaintiff is entitled to declaratory relief.

32. Plaintiff is entitled to overtime compensation.

33. Plaintiff is entitled to an equal amount of liquidated damages.

34. It is in the public interest to have these declarations of rights recorded.

35. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal dispute at issue.

36. The declaratory judgment action terminates and affords relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that a judgment be entered in his favor against Defendants:

    a. Declaring, pursuant to 29 U.S.C. sec. 2201-2202, that the acts and practices complained of are in violation of the FLSA;

    b. Awarding Plaintiff minimum wages in the amount due;

  c. Awarding Plaintiff overtime compensation in the amount due for all time worked in excess of forty hours per work week;

  d. Awarding Plaintiff liquidated damages in an amount equal to the minimum wage and overtime awards;

  e. Awarding Plaintiff reasonable attorney's fees and costs and expenses of litigation pursuant to 29 U.S.C. sec. 216(b);

  f. Awarding Plaintiff pre-judgment interest; and

  g. Ordering any further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted January 4, 2023.

/s/ J. Kemp Brinson
_____
J. Kemp Brinson
Fla. Bar No. 752541
Reed Mawhinney & Link
53 Lake Morton Dr., Suite 100
Lakeland, FL 33801
Office: 863-687-1771
Mobile: 863-288-0234
Service emails:
kemp@polklawyer.com
jkbservice@polklawyer.com
Attorney for Plaintiff